IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-691-L-BN |
| | § | |
| KAISER PERMANENTE GEORGIA, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This latest *pro se* action filed by Plaintiff Rose Adanma Duru has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

### Applicable Background

Duru filed this action on March 22, 2018. *See* Dkt. No. 3. On March 26, 2018, the Court granted her leave to proceed *in forma pauperis*, *see* Dkt. No. 6, and issued a Notice of Deficiency and Order (the "NOD"), *see* Dkt. No. 7. The NOD provided:

> This order is entered to notify Plaintiff of certain deficiencies in the complaint as filed that must be remedied no later than **April 25, 2018** to allow this action to proceed. The Court further notifies Plaintiff that the failure to comply with this order by filing an amended complaint will result in a recommendation that the complaint be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); FED. R. CIV. P. 41(b).

As filed, Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a), which requires that a plaintiff's complaint "must contain" "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a).

In this regard, the Court notifies Plaintiff that, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 679 ("[P]leadings that ... are no more than conclusions ... are not entitled to the assumption of truth. [And, w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). And a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* at 678.

Instead – to survive dismissal under *Twombly* and *Iqbal* – a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

In large part, Plaintiff has pleaded her claims by alleging a series of defendants followed by a series of legal conclusions – some of which are not actionable in a civil suit. *See, e.g.,* Dkt. No. 3 at 3 (alleging, for example, obstruction of justice and conspiracies to commit various crimes, including theft, banking fraud, and grand larceny). She then fails to explain how each defendant named allegedly violated each cause of action listed. *See, e.g., id.* at 4. Claims stated in this manner fail to show substantive plausibility through facts sufficient to show that a particular defendant may be liable for a particular alleged harm.

To remedy this deficiency, attached to this order is a form complaint, which the Court ORDERS that Plaintiff must complete and return to the Court no later than **April 25, 2018**. **In completing this form complaint Plaintiff must separately state as to each defendant the factual events that she contends give rise to that defendant's liability.**

A separate but related deficiency appears to plague Plaintiff's new complaint. As she makes clear in this complaint, this action is the latest

of more than 30 lawsuits that Plaintiff has filed against (at least) Kaiser Permanente in state or federal court since 2014. *See* Dkt. No. 3 at 28-30. The undersigned is familiar with Plaintiff's past lawsuits filed in this Court and elsewhere. *See, e.g., Duru v. Mitchell*, No. 3:16-cv-3546-D, 2018 WL 1135632, at *1 (N.D. Tex. Jan. 29, 2018) ("Duru has established a record of filing frivolous actions in this Court and elsewhere – for example, this action was initiated in the Houston Division of the Southern District of Texas." (citing *Duru v. DOJ*, No. 3:16-cv-1162-M-BK, 2016 WL 3223628, at *1 (N.D. Tex. June 9, 2016) ("Plaintiff is warned that, if she persists in filing frivolous or baseless actions, or cases over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action."))), *rec. adopted*, 2018 WL 1135657 (N.D. Tex. Feb. 28, 2018). Based on that knowledge, at least some of the claims presented now are recycled from claims made in previous actions. It appears therefore that this action may be subject to dismissal (under Section 1915(e)(2)(B)) based on res judicata.

> The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

*Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014).

To the extent that Plaintiff presents new claims here – which could implicate the fourth condition – in this circuit, courts use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004))); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True *res judicata* bars recovery when a party seeks to relitigate the same facts even when the party

> argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").
>   Accordingly, any amended complaint that Plaintiff elects to file must address why either this lawsuit in its entirety or why specific claims made in this lawsuit should not be dismissed as barred by res judicata.

*Id.* at 1-5 (emphasis in original).

It is now more than one month past the deadline for Duru to file an amended complaint, as required by the NOD – and it is more than two months since she filed this action – and Duru has yet to comply with the Court's order or otherwise contact the Court.

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). And the same rule authorizes a district court to "*sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R.*

*Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By not responding to the NOD, as ordered by the Court, and thereby preventing this action from proceeding, Duru has failed to prosecute her lawsuit and also has failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is

warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile.

The Court is not required to delay the disposition of this case until such time as Duru decides to comply with the Court's order. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 8, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE